142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Glen FISCHER; Tim Arne, Plaintiffs,
and
Donna SANNES, Plaintiff-Appellant,
v.
ALCO STANDARD CORPORATION, D/B/A The William Dierickx
Company; The William Dierickx Company;
Weyerhaeuser Company, Defendants-Appellees.
 No. 96-35429.
D.C. No. CV-95-05119-RJB.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 4, 1997--Seattle, Washington.
Decided April 22, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 Before REAVLEY*, GOODWIN and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sannes appeals the summary judgment in favor of Dierickx and its parent Alco, but not Weyerhaeuser, so we consider only the Dierickx issues. The case turns entirely on the facts. Sannes did not establish a prima facie case as to age discrimination, sex discrimination, or retaliatory refusal to hire.
 
 
 3
 Sannes did not apply for, or establish her qualifications for, the position for which the younger man, Rhinehart, was hired. To establish a prima facie case of discriminatory failure to hire, a plaintiff must show that she applied and was qualified for a position. Fragrante v. City of Honolulu, 888 F.2d 591, 595 (9th Cir.1989).
 
 
 4
 Sannes argues that she should be treated as having applied even though she did not, because another Weyerhaeuser employee, Sarah Jaenicke, was hired for a different position for which she did not apply. The conclusion does not follow. The position was of a different type, continuation of a management position. Sannes did not establish any general practice by Dierickx of hiring without soliciting applications; Jaenicke was an exception to the general rule, so far as the record indicates. Sannes read the advertisement in the newspaper, and knew that applications were being solicited for the position she claims should have been given to her, yet she did not submit one.
 
 
 5
 Sannes also appears to be claiming that the position Rhinehart got was substantially the same as the one she had had before, so no separate application was needed. The evidence does not support that claim. The jobs were substantially different. Nevertheless, if the jobs were the same, as Sannes claims, then her prima facie case would fail for a different reason, that Dierickx hired a woman older than Sannes for the position, as well as the younger man.
 
 
 6
 Sannes claims that Dierickx did not hire her because she engaged in protected activity, complaints of sex discrimination, regarding a Weyerhaeuser employee named Shields. But her evidence did not establish a prima facie case for this claim. She offered no evidence that Dierickx knew she had made any complaint of sex discrimination against Shields. Indeed, it was not even clear that she did complain of sex discrimination by Shields, as opposed to complaining (as male employees did) that Shields was rude and unpleasant. In addition, Dierickx hired other workers who had complained about Shields.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the 5th Circuit, visiting judge
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3